May it please the court. My name is Jonathan Salovey, representing the appellant Stephen Bartholomew. I'd like to reserve two minutes for rebuttal. Your Honor, in this case, this appeal involves putting life and blood into the Sixth Amendment right to confrontation. This appeal was, this trial, was really nothing more than a ghost of a trial. It was a trial by hearsay witness. It was a trial where the state's star witness never appeared. It's a trial where the state used the media to locate the hearsay witnesses, but did much less to locate Colleen Anias, the alleged victim in this case. Colleen Anias never appeared, but what was remarkable about this case is she did appear prior to the verdicts being issued. She appeared two blocks away from the courthouse, being cited by the police for public drinking. Within the police grasp, just two blocks away from the courthouse. Had the police had an all-points bulletin out, as they had originally, she would have been found and Mr. Bartholomew would have had his Sixth Amendment right to confrontation. Not only that... Counsel, could I ask you a question, please? So, am I right in my thinking that on the Sixth Amendment issue, it turns on whether what the Ensley's, what was said to the Ensley's is testimonial? Because if it's not testimonial, then it doesn't have to be shown that she's unavailable. But if it is testimonial, then that is required. So, maybe I'm missing something, but it seemed to me that if the statements that she made to them as she came out of the woods were non-testimonial, then it doesn't really matter if she's not unavailable. Your Honor, there's two ways that habeas relief could be granted. One is the Sixth Amendment and one is the duty of good faith and diligence to bring its witnesses. The burden is on the state. Also, even if the statement is not testimonial, it could come in under a due process analysis as the United States Supreme Court stated in Bryant and in Davis. In other words, that if all the statements were not excited utterances, then those statements could, should have been not presented to the jury. If not all those statements, and remember it was a 20 to 25 minute ride in a truck, in a warm truck, while Talena Anias, the alleged victim, was wearing a floor-length parka. Surely not all of those statements could have been excited utterances. And the United States Supreme Court in Davis expressly instructed, as well as in Bryant, that courts, lower courts, must parse out what are testimonial statements, non-testimonial statements, what could be excited utterances, what would, what would fall in. In other words, the charge from the United States Supreme Court is to look at everything. Just don't look at the one frame of time, the first thing that was said in the beginning. Since we're here on habeas review and we're looking at clearly established Supreme Court law, how do we square this question with what was specifically reserved in Bryant? And that's whether statements made to non-law enforcement individuals are actually testimonial in these circumstances. And then even Justice Scalia, who of course was in dissent, having been the Crawford author, he even said he was agnostic on that point. So one question I have more pointedly is, how do you jump this AEDPA hurdle in light of the new recent Supreme Court case? Yes, Your Honor. I never thought I'd hear Justice Scalia use the word agnosticism. But he did. But what is important, I believe, is that the Washington Court of Appeals, when they reviewed this case, they did not carve out this exception. They did not rely, the Court of Appeals did not rely on Eileen and Alice and the Enzis being private citizens. They did not make that decision. It was constructed in Franz V. Heise, which is 533 F. 3rd, 724, 2008. It's an en banc decision. The en banc Ninth Circuit Court says that the reviewing court must look at just what the reasoning of the lower court was. They have to look at the reasoning. They say we confine our analysis to 2254 D1, analysis to the state's actual decisions and analysis. So what was it that then would be contrary to Supreme Court law? There was a very broad charge in Crawford. The Crawford basically gave the charge to the lower courts. And there is a specific core class that we're asserting that the statements fall under. The core class is statements made under circumstances which would lead an objective witness reasonably to believe that the statement would be available at a later trial. That's broad. I do not believe that the United States Supreme Court was stating to the lower courts, let's look for another spotted calf case. Let's look for another case that has the exact same fact pattern. And by the way, we will shelve Crawford. We will shelve Davis. We will shelve all these cases until you could provide us a case that's important to consider what is at stake. Crawford was a paradigmatic case. It overturned Roberts, a rare thing for the United States Supreme Court to do. It considered a core constitutional right, a fundamental constitutional right, which this case really illustrates how important it is because we had a trial by hearsay witness. We had all sorts of things decided. I bet every juror, every juror who heard that evidence in the case was asking themselves, where was Colleen Anias? I sure would have loved to have heard her testimony. It would have been really important. This was not a true trial in which the framers of our Constitution envisioned. Can I go back to Judge Gould's opening question though? You segued understandably into Bryant, but are you trying to bring yourself nonetheless under the Crawford-Bryant analysis or are you pitching your case now more as a due process issue, which is what the substance or the thrust of your most immediate statement seems to be saying? Which is it? I believe we have alternative forms of relief. Both provisions are available. As in Bryant- What, if it's both, I can understand that. So what is the clearly established Supreme Court authority that the Washington Court of Appeals violated on the due process side of the equation? Well, on the due process, there's- United States Supreme Court has a series of precedents that describes what an excited utterance is and what an excited utterance is not. Also the clear Supreme Court case law in Bryant and in Davis provide that it's important to parse out, as a matter of fact, in the footnote, they say let's look at a, you know, the trial courts will instinctively know and they'll look at motions and liminees and redact the statements. That's what, that's what trial courts do. That is their job. I'll reserve- Reserve the remaining? Yes. All right. Thank you. Mr. Sampson? May it please the court, John Sampson, Assistant Attorney General representing the respondent. As this court is aware, the Supreme Court last week issued the Davis case and in footnote three the court recognized that Davis explicitly reserved the question of whether and when statements made to someone other than- I think you actually mean Michigan v. Bryant. I'm sorry, you're correct. I'm sorry, Your Honor. Michigan v. Bryant. I'm speaking too quickly. But the court- so the court last week recognized that it had explicitly reserved the question in Davis as to whether statements to a private person are- could be Bryant recognized that it was not deciding that issue in this case. There is no Supreme Court holding that says statements to a private person are testimonial and therefore the law is not clearly established on that point. Mr. Sampson, there's no law clearly focusing on that point, but if the Supreme Court's law is read to establish a general test that you say, well, would a reasonable person think this is likely to be introduced at trial? If that's the case, then what's the analysis as to whether the application of that here by the state is objectively unreasonable? If the test is a broad general principle, then the Supreme Court and the Yarbrough decision recognize that when it's broad, then the states are given even more leeway in applying federal law to the facts of their case. And when you're dealing with a broad principle, it's even harder for a petitioner to show a state court decision is objectively unreasonable. And the court in this case applied a broad principle, applied the Supreme Court, and determined whether or not the statements were testimonial. And the court looked at factors such as the Insleys were driving down a rural part of Washington. They saw someone on the side of the road who appeared to be in need of assistance. They pulled over. Mrs. Insley basically yelled at her husband that we have to go back. Somebody needs help. So they were acting not in the role of law enforcement seeking to solve a crime, but were acting as good Samaritans seeking to help somebody in need. The court also looked at the fact that the first statements by the victim, Anias, were said almost spontaneous to a question of are you all right. She almost spontaneously responded that she had been beaten up by her daughter and her daughter's boyfriend and left in the as they were walking to get into the truck. So the court looked at the various factors applied in an objective test, which is the proper test under Crawford and under Michigan v. Bryant. So the court's decision cannot be shown, even if this court were to believe the state court was erroneous. It's not objectively unreasonable. Okay. Then how do you address the due process issue raised by the appellant, which is, I guess, still has to face an AEDPA hurdle? Yes, Your Honor. What's your analysis on the due process issue? Well, the due process issue, the court in the Michigan v. Bryant case did reference, and I think petitioner is talking about footnote 13, where they talked about in addition to the Confrontation Clause, there will be rules of evidence, there will be due process requirements that must be met. I'm not aware of any holding of the Supreme Court that says unavailability is an issue of due process. I have always viewed it as an issue under the Confrontation Clause. And if the Confrontation Clause doesn't apply, in other words, it's not a prior judicial statement or it's not testimonial, then unavailability is not an issue. I'm not aware of a Supreme Court holding that says unavailability is a due process requirement. It is a requirement of the hearsay rules under ER 804, but it's not been clearly established. But even if it were, the state court here did address that claim, and the state court determined that the prosecutor did exercise reasonable diligence in trying to obtain Ms. Anias' presence. They served a subpoena on her. They sent notice of the date of trial to her post office box. And the state court found, both the trial court and the Court of Appeals, found that there were reasonable attempts made to obtain her presence. Even if the due process claim is based on a holding of the Supreme Court, again, it's not objectively unreasonable for the court to reject that claim. But see, you said that the unavailability is tied in with the hearsay rule, but as I understand the argument, the hearsay exception only comes into play if the witness is unavailable. And the due process argument here is the hearsay exception that was invoked was excited utterances. So that's the due process issue, and so I don't understand why unavailability somehow falls out as a due process analysis. Your Honor, unavailability is evidentially a requirement only under 804. Excited utterance is a hearsay exception under 803, and 803 does not require a showing of unavailability. Moreover, even if there's a violation of a state law, a state evidentiary rule, that is not enough to show a constitutional claim entitling a person to relief in federal habeas. They would have to show that if it was based on a holding of the Supreme Court, that it rendered the trial fundamentally unfair. And I would submit that that's simply not a situation here where the Supreme Court has not recognized that unavailability is a requirement except in a narrow line of cases. I believe White v. Illinois has addressed that. Idaho v. White addressed that. But this court has also said in the past that it's tied into testimonial statements. If it's non-testimonial, the Confrontation Clause doesn't apply, so therefore the court really doesn't even consider unavailability at that point. So you're basically saying that if you determine that these are non-testimonial because they're not made to a police officer, that there's no federal review of conclusory or conclusion hearsay statements that would be made in a state court trial? Yes, Your Honor. Those are all then made... They're all off the table. If it was made a week before and it was pure hearsay, there would be no constitutional hook to bring that to federal court? If it's non-testimonial, that's correct, Your Honor, because those are all non-testimonial. And I think the Supreme Court in recent cases has informed the lower courts that habeas cannot be based on violations of state evidentiary rules. It has to be a holding of the Supreme Court. And I am unaware of any holding of the Supreme Court that says unavailability is an issue except under the Confrontation Clause. So if the court, if it were clearly established or if it were established enough, notwithstanding Bryant, I realize that's probably an untenable position given what they've said about reserving the question, but if a statement to a private party could be under the Crawford-Bryant analysis subjected to an analysis of the witness and of the proposed private party's going to testify, so that we're undergoing a testimonial analysis, even in other words, it's not limited to just statements to Cox, then the unavailability aspect would be part of it. If the statements were testimonial, then it would be a part of it. And in this case, the state court said that she was, they determined that she, in fact, was unavailable, that the prosecutor exercised reasonable diligence in trying to obtain her presence and they were unable to do so. And so even if that were all clearly established and it was a testimonial statement, the unavailability fails because petitioner does not show the state court's decision was objectively and reasonable on that issue. The state would ask that this court affirm the district court. Thank you. Thank you. Your Honors, there is a United States Supreme Court precedent that hooks in the due process clause to this analysis. Barbara B. Page is the United States Supreme Court opinion. Justice Harlan, in his concurring opinion, provided that the failure attempt to secure witnesses' presence denied due process. In Chambers v. Mississippi, the United States Supreme Court provided that concentration rights, quote unquote, have long been recognized as essential to due process. And in Windsor v. Hall, the Ninth Circuit provided, concentration clause recognizes component of the 14th Amendment due process clause. Also, there's a concept in due process of basic fairness. And Judge Gould, in the opinion of the United States v. Yeada, Judge Gould authored that opinion. In that case, the government deported a witness after first obtaining a statement. And it was found to be unfair. And the United States Supreme Court has provided that due process and Also, in terms of testimonial, non-testimonial, respondent provides that statements were made immediately by Kelly and Anias upon being found by the Ensleys. And I asked this court to look at the record carefully, because the record actually did not very clearly establish that. There was a question, and then counsel stopped the answer, and it was all very confused. If you look at Mr. Ensley's testimony versus Mrs. Ensley's testimony, he only talks about what happened in the truck. It's all very confused about what occurred. And that's why parsing out this idea of evolution that the United States Supreme Court provided in Bryant and in Davis, that statements evolve. That it is the duty of trial courts, basically duty of trial courts, to parse out what's okay and what's not okay. What's testimonial, what's not testimonial. What's an excited utterance and not an excited utterance. And it's important to note that Kelly Anias, she came with the equivalent of a testimonial smoking gun. She brought out these jumper cables. She alleged that this happened two to three hours before. Most people, if they were tied up in the woods, face down, would immediately throw off their bounds. Mr. Sullivan, you've gone way over your time, so you might, no, that's fine. You just might want to bring it to a close. That's okay. So, Your Honor, I believe this comes down to basic fairness. Basic fairness that's bound up with the confrontation clause and what's essentially a procedural error in terms of the structure of the trial. This is very close to a structural error because the trial was nothing like what the framers for our Constitution envisioned. Thank you very much. Thank you. And I thank both counsel for your argument this morning. Bartholomew versus Boning is submitted.
judges: McKeown, Fisher, Gould